Howry, J.,
dissenting:
We are all agreed that the Comptroller rightly decided that the act of 1894 does not by necessary implication repeal the act of 1885. The latter act was directed against the practice which obtained elsewhere of carrying on the work of the Government by persons holding düal appointments; and in creating the Department of Agriculture the use of the appropriations then and thereafter to be made as additional compensation to persons already receiving pay as officers or employees of the Government was prohibited regardless of the character, quality, or amount of service performed elsewhere. The use of any part of the money appropriated for the Department in payment to officers or employees receiving-other compensation was the thing forbidden. If the lawmakers had in mind any one class of people whom it was deemed best to exclude from the work of carrying on the Department of Agriculture the class specially excluded would seem to be militaiy and naval officers, who are supposed to be less familiar with agriculture and its interests than most any others.- But the intent was clearly expressed to restrict the use of the appropriations generally to a class not otherwise in the pay or employ of the Government as officers.
Payment of any part of the money appropriated for the Department of Agriculture as salary to an officer or employee while receiving other compensation is, to the extent of the salary paid, “additional” compensation. I-f the pay of a retired officer is not compensation of an officer of the Government, what is it? ¡Retired pay is not a gratuity, but is compensation in the same sense that pay for other service is compensation.
Immediate and present service is not the inhibition of the statute, but official compensation elsewhere is the sole prohibition. If active duty in the military or naval service continuously measured the obligation to compensate the officer, his pay would cease as much while on waiting orders or leave of absence as during the period of retirement. In either case the compensation is given because the person receiving it is yet a naval or military officer subject to orders of the Government.
*451 The Revised Statutes do not place retired officers wholty out of the service. The longevity pay statutes (20 Stat. L., 145) make no discrimination against officers on the retired list.
(Tyler's case, 16 C. Cls. R., 224.) If they are not required to labor while so retired — in consequence of which their compensation is diminished — no reason exists why the accounting officer should add a further limitation of pay not found in any statute. (United States v. Tyler, affirming this court, 105 U. S., 224.) On the other hand no reason exists why by construction predicated upon want of active duties for the time being retired officers should be permitted to claim advantages which Congress intended should not be claimed. The allowance of the claimant’s contention in this case seems to me to be a clear innovation upon the salutary rule expressly meant to exclude the use of appropriations made to carry on the Department of Agriculture where officers retired, as well as those in the active service, are receiving the compensation which follows from their office as such.
It is true the judgment in this case will not be paid out of the money appropriated for the Department of Agriculture. But can the claimant with knowledge that he could not at the same time lawfully receive both salaries receive the one and defer collecting the other and thus recover the additional compensation forbidden by the statute? I think not. Want of knowledge of the terms of the statute while performing duty as chief clerk would not strengthen the right to claim the compensation as clerk and retired officer afterwards for the same time. But with knowledge that the statute prohibited the payment of the double compensation the claimant’s contention here is entitled to even less consideration.
The real question is whether the claimant can receive the compensation as a military officer and as chief clerk of the Agricultural Department for the same period of time. The act of 1885 says he shall not. That act is controlling and makes the application of the counterclaim necessary to give the act its proper effect.